# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

JAIME REYES-HERNANDEZ

**CRIMINAL COMPLAINT**

FILED
8-19-08
AUG 19 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MAGISTRATE JUDGE BROWN**

CASE NUMBER: **08CR 658**

I, Raymond Smith, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July 25, 2008__ in __Cook__ County, in the __Northern__ District of __Illinois__, defendant JAIME REYES-HERNANDEZ, an alien who previously had been deported and removed from the United States in or about April 1999 and March 2005, was present and found in the United States without having obtained the express consent of the Secretary of the Department of Homeland Security or the United States Attorney General for reapplication by defendant for admission into the United States, in violation of Title __8__ United States Code, Section(s) __1326(a) & (b)(2)__ and Title __6__ United States Code, Section(s) __202(4)__.

I further state that I am a __Special Agent with Immigration and Customs Enforcement__ and that
<sub>Official Title</sub>
this complaint is based on the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof: __X__ Yes  ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__August 19, 2008__                    at    __Chicago, Illinois__
Date                                              City and State

__Geraldine Soat Brown, U.S. Magistrate Judge__    _Geraldine Soat Brown_
Name & Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, RAYMOND SMITH, being duly sworn state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), formerly the United States Immigration and Naturalization Service ("INS") and United States Customs Service, and have been so employed for eleven (11) years.

2. I am a member of an investigative unit within ICE which is responsible for the detection, interdiction, and apprehension of criminal aliens present within the United States. I work in conjunction with other law enforcement agencies in the Chicago area reviewing cases involving aliens who have been convicted of criminal offenses. The information contained in this affidavit is based upon my personal knowledge, my review of INS/ICE records, and information provided by other law enforcement personnel. This affidavit is submitted for the limited purpose of establishing probable cause in support of a complaint charging JAIME REYES-HERNANDEZ ("REYES") with illegal re-entry into the United States. Therefore, I have not included each and every fact known to me concerning this investigation.

3. According to INS/ICE records, REYES is a native and citizen of Mexico with no present claim to United States citizenship or lawful permanent residence in the United States.

4. According to records from the Circuit Court of Cook County, Illinois, on or about September 28, 1998, REYES was convicted of Aggravated Armed Robbery and sentenced to

1

four years' imprisonment in the Illinois Department of Corrections. Aggravated Armed Robbery is an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16.

5. According to INS/ICE records, following the aforementioned conviction, REYES was deported from the United States and removed to Mexico on or about April 7, 1999. At the time he was deported and removed, INS/ICE took a fingerprint from REYES and took his photograph.

6. In or about March 2005, REYES was found present in the United States and again deported and removed. At the time he was deported and removed, INS/ICE took a fingerprint from REYES and took his photograph.

6. On or about July 25, 2008, ICE again discovered REYES present in the United States in Alsip, Illinois. According to the results of a computerized analysis that compares fingerprints in federal and state systems, which I have obtained and reviewed, fingerprints taken from REYES at present match those taken from REYES when he was deported and removed in 2005 and 1999. Additionally, I have observed REYES while he has been in administrative custody and his appearance matches that of the photographs taken of him in 2005 and 1999.

7. There is no record that REYES obtained the authorization of either the Secretary of the Department of Homeland Security or the Attorney General to reenter the United States at any time after he was deported and removed in 1999 and 2005.

8. Based on the foregoing, there is probable cause to believe that the defendant, after being convicted of an aggravated felony and being deported and removed from the United States, unlawfully re-entered and was present and found in the United States without having previously

obtained the express consent of the Secretary of the Department of Homeland Security or the Attorney General for reapplication by the defendant for admission into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C. § 202(4).

FURTHER AFFIANT SAYETH NOT.

Raymond Smith, Special Agent
U.S. Immigration and Customs Enforcement

SUBSCRIBED and SWORN TO before
me this 19th day of August, 2008.

Geraldine Soat Brown
United States Magistrate Judge

3